UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL ADAM ROYALL,<br><br>Plaintiff,<br><br>v.<br><br>THE SHERWIN-WILLIAMS COMPANY,<br><br>Defendant. | Case No.: 3:25-cv-2232-RSH-DEB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>[ECF Nos. 15, 17] |

On October 3, 2025, the Court dismissed this lawsuit for failure to state a claim, and entered judgment for Defendant. ECF Nos. 12, 13. This is one of five related lawsuits that Plaintiff brought against Defendant in California Superior Court, that Defendant removed to this Court, and that this Court has since dismissed. *See* Case Nos. 25-cv-1994, 25-cv-2379, 25-cv-2455, and 25-cv-2577.

Plaintiff has moved for reconsideration of dismissal pursuant to Rule 59(e), based on a "manifest error of fact." ECF No. 15 at 2. Plaintiff alleges that the Court misapprehended the "core of the claims," in that the Complaint "was not a dispute over the legitimacy of 'debt collection correspondence' but rather a challenge to the Defendant's alleged abuse of process by employing simulated legal documents." *Id.* Plaintiff explains that his Complaint is based on Defendant allegedly sending him "unfiled, unsanctioned

mailings formatted to resemble official court documents but sent before any docket entry or stamp existed." *Id.* Plaintiff further explains that although he is a registered e-filer, and thus receives electronic service of documents, Defendant sent him "unsanctioned, physical mailings—sent outside the Court's proper service channels" as "an attempt to create the false appearance of judicial urgency and circumvent authorized process." *Id.* at 3.

The Court understands Plaintiff's factual allegations. The dismissal order recited his allegations:

> On August 8, 2025, Plaintiff filed this lawsuit pro se in California Superior Court for the County of San Diego. ECF No. 1-2 at 4–20 ("Compl."). The Complaint alleges as follows.
>
> Plaintiff has been a customer of Defendant for over 25 years. *Id.* ¶ 6. Plaintiff took out a "small loan (between $5,000 and $10,000)," and was purportedly late in making payments on the loan. *Id.* ¶ 7. Defendant "initiated a campaign of aggressive demand for payment," that included sending letters threatening legal action, making numerous phone calls, and pressing Defendant for payment during a lunch meeting. *Id.* ¶¶ 7–8. "On or about August 5, 2024, Plaintiff received two large, unsolicited, and improperly delivered mailings from Defendant's legal team or agents acting on its behalf." *Id.* ¶ 9. The mailings consisted of two sets of printed documents. *Id.* ¶ 20.
>
> The Complaint states that Plaintiff had never consented to receive legal documents by mail, and indeed had previously registered for electronic court notifications. *Id.* ¶¶ 10–11. "The delivered materials were heavy, duplicative, and unmarked, creating the false appearance of official urgency but lacking any court-issued stamp or tracing." *Id.* ¶ 12. Plaintiff took "small protective measures, including isolating the envelopes, bleaching and sanitizing the mailbox area, and washing his face and hands." *Id.* ¶ 13. The event caused Plaintiff mental and emotional distress. *Id.* ¶ 15. "Upon investigation, Plaintiff was unable to confirm if the documents were ever filed with the court, and as of this filing, has received no official notice or confirmation from the court regarding said documents." *Id.* ¶ 17. Plaintiff has difficulty reviewing printed legal materials as opposed to digital content. *Id.* ¶¶ 22–23.

ECF No. 12 at 1–2.

Plaintiff's allegations, even as explicated in his motion for reconsideration, fail to state a claim, for the same reasons set forth in the Court's dismissal order. *Id.* at 4–5. Whether or not the mailings that Plaintiff received were or were not ultimately filed with a court, or whether they should have been served electronically instead of physically mailed, the Complaint still fails to plead any cogent claim for relief. Plaintiff's contention that Defendant mailed him non-file-stamped documents that were formatted for filing with the court does not, for example, amount to abuse of process. *See, e.g.*, *Younger v. Solomon*, 38 Cal. App. 3d 289, 297 (Ct. App. 1974) ("The gist of the tort is the *misuse* of the power of the court: It is an act done under the authority of the court for the purpose of perpetrating an injustice, i.e., a perversion of the judicial process to the accomplishment of an improper purpose."). Plaintiff does not identify any manifest error of fact made by the Court in the dismissal order, and the Court declines to reconsider that order. Plaintiff's motion for reconsideration [ECF No. 15] is **DENIED**.

Plaintiff has also moved for leave to electronically file documents in this case. The Court entered judgment in this case on October 3, 2025, and in this order rules on Plaintiff's motion for reconsideration. Plaintiff's request for leave to electronically file documents [ECF No. 17] is therefore **DENIED** as moot.

**IT IS SO ORDERED**.

Dated:  January 15, 2026

*Robert S. Huie*
Hon. Robert S. Huie
United States District Judge